# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7757 | **DATE** | 8/31/2004 |
| **CASE TITLE** | Mach Mold Inc. v. Clover Assoc., Inc., *et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant Clover Assoc., Inc.'s Motion to Dismiss Counts III and IV of Plaintiff Mach Mold Inc.'s Complaint

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, defendant's motion to dismiss Counts III and IV of the complaint (Doc. # 8) is denied.

*/s/ David H. Coar*

(11) [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 01 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 57 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 AUG 31 PM 6:18 | | |
| aed/lc | courtroom deputy's initials | | SEP 01 2004 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MACH MOLD INCORPORATED and INDIANA INSURANCE COMPANY, as subrogee of Mach Mold Incorporated, <br><br>Plaintiffs, <br><br>v. <br><br>CLOVER ASSOCIATES, INC. d/b/a Machinery Supply and KINGMAN DEDICATED SERVICE, INC., <br><br>Defendants <br><br>────────────────────── <br><br>CLOVER ASSOCIATES, INC., d/b/a Machinery Supply, <br><br>Third Party Plaintiff, <br><br>v. <br><br>GES EXPOSITION SERVICES, KM INDUSTRIAL MACHINERY CO., THE CITY OF CHICAGO, F.H. PASCHEN, S.N. NIELSEN, INC., PEOPLE'S GAS LIGHT and COKE CO., and ILLINOIS BELL TELEPHONE, <br><br>Third Party Defendants. | No. 03 C 7757 <br><br>HONORABLE DAVID H. COAR |

SEP 0 1 2004

## MEMORANDUM OPINION AND ORDER

This case is before the court on defendant Clover Associates, Inc.'s motion to dismiss Counts III and IV of plaintiffs Mach Mold Inc. and Indiana Insurance Co.'s complaint. For the reasons set forth below, Clover's motion is denied.

I.  **Factual Background**

Mach Mold is a custom builder of plastic molds. Indiana Insurance provided insurance to Mach Mold during the relevant time period. Clover is a motor carrier and is in the business of moving machinery and rigging. Kingman is a motor carrier.

In August 2002, Mach Mold and Clover entered into a contract pursuant to which Clover agreed to transport a milling machine from Chicago, Illinois to Benton Harbor, Michigan and to install the milling machine at Mach Mold's plant. Subsequently, the milling machine was transported from Chicago to Benton Harbor in two installments. Clover transported some components of the machine in the first installment. Clover contacted Mach Mold and advised that, due to labor issues, it wished to utilize a "union" carrier to transport the remaining components of the machine. Mach Mold informed Clover that the carrier needed to be under Clover's direction and to have sufficient insurance for the load. Clover assured Mach Mold that the carrier would transport the load under the contract and that it had sufficient insurance coverage.

Mach Mold subsequently learned that the union carrier was Kingman. In September 2002, Kingman picked up the remaining components of the machine from Mach Mold. At that time, the load was in good condition. The property was subsequently damaged while it was being transported by Kingman. Mach Mold subsequently rejected the load and made a written claim to Clover for the loss.

Mach Mold also submitted a claim to Indiana Insurance for the damage to the machine components. Pursuant to Mach Mold's policy, Indiana Insurance paid $175,000 to Mach Mold, which was the policy limit. Indiana Insurance is participating in this lawsuit as subrogee of Mach

Mold. Mach Mold's additional damages arising out of the loss to the property total $592,262.

## II.     Mach Mold's Complaint

The complaint seeks to recover damages incurred to Mach Mold's property during its shipment in interstate commerce, as described above. The first two counts of the complaint seek recovery of said damages from Clover (Count I) and Kingman (Count II), pursuant to the "Carmack Amendment" (*i.e.*, to the Interstate Commerce Act). *See* 49 U.S.C. § 14706. The third and fourth counts of the complaint seek recovery from Clover under the alternative theories of negligence (Count III) and breach of contract (Count IV). Plaintiffs seek a total of $767,262, plus interest, for damages to the subject property, as well as attorneys' fees and costs.

## III.    Other Background Concerning the Litigation

Following the filing of plaintiffs' complaint, Clover filed a cross claim for contribution against Kingman. Kingman subsequently filed a counterclaim against Mach Mold and third-party claims against various third-party defendants. Finally, Clover filed a third-party complaint against third-party defendants GES Exposition Services, KM Industrial Machinery Co., the City of Chicago, F.H. Paschen, S.N. Nielsen, Inc., People's Gas Light and Coke Co., and Illinois Bell Telephone.

Some of the third-party defendants have moved to dismiss certain of the counts asserted by Clover in its third-party complaint and by Kingman in its counterclaims and third-party claims. These motions are not all fully briefed, and some of the third-party defendants have not yet answered or otherwise pled in response to the complaints brought against them.[1] Discovery is

---

[1] The court will rule upon any and all motions to dismiss filed in response to Clover's third-party complaint and Kingman's counterclaims and third-party claims as appropriate and at a later date.

currently scheduled to close on December 1, 2004.

IV.   Analysis

   A.   Standards on a Rule 12(b)(6) Motion to Dismiss[2]

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In reviewing a motion to dismiss for failure to state a claim, the court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences therefrom in favor of the plaintiff(s). *See Ameritech Corp. v. McCann*, 297 F.3d 582, 585 (7th Cir. 2002). A complaint should be dismissed only if there is no set of facts in support of the claim that would entitle the plaintiff(s) to relief. *See Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997).

   B.   Arguments Raised in the Briefing on Clover's Motion
        To Dismiss Counts III and IV of the Complaint

Clover has moved to dismiss Counts III and IV of the complaint on the grounds that the Carmack Amendment preempts shippers from seeking state or federal common law remedies against a carrier for damage to or loss of the transported property. In other words, it argues that the Carmack Amendment provides plaintiffs' exclusive remedy in this case (and limits the permissible damages to the actual loss of or injury to the property).

The Carmack Amendment provides, in relevant part:

> A carrier providing transportation or service . . . shall issue a receipt or bill of lading for property it receives for transportation . . . . That carrier and any other carrier that delivers the property and is providing transportation or service . . . are liable to the person entitled to recover under the receipt or bill of lading. The

---

[2] Although Clover has not specified the Federal Rule of Civil Procedure pursuant to which it brings its motion to dismiss, the motion is appropriately treated as one brought pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

-4-

liability imposed under this paragraph is for the actual loss or injury to the
property caused by (A) the receiving carrier, (B) the delivering carrier, or (C)
another carrier...."

49 U.S.C. § 14706(a)(1). In essence, the Carmack Amendment "provides shippers with the statutory right to recover for actual losses to their property caused by carriers." *Am. Nat'l Fire Ins. Co. v. Yellow Freight Systems, Inc.*, 325 F.3d 924, 928-29 (7th Cir. 2003) (internal quotations and citation omitted).[3] In so doing, it codifies "the common law liability of carriers for damage to shippers' goods." *Pizzo v. Bekin Van Lines Co.*, 258 F.3d 629, 633 (7th Cir. 2001). The Seventh Circuit has held that the Carmack Amendment's preemptive force extends to all "state and common law remedies inconsistent" with the federal Act. *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir. 1987).

In response to Clover's motion to dismiss, plaintiffs argue that they have pled the alternative theories of negligence and breach of conduct because no determination has been made yet concerning whether the Carmack Amendment applies to Clover. In that vein, plaintiffs contend that the Carmack Amendment applies to "carriers" and "freight forwarders," but not to "brokers." *See Custom Cartage, Inc. v. Motorola, Inc.*, No. 98 C 5182, 1999 U.S. Dist. LEXIS 1684, at *8-9 (N.D. Ill. Feb. 16, 1999). *See also Byrton Dairy Prod., Inc. v. Harborside Refrigerated Svcs., Inc.*, 991 F. Supp. 977, 981-84 (N.D. Ill. 1997). Plaintiffs do not contest that the Carmack Amendment will preempt their common law claims if, following discovery, Clover is determined to be a "carrier" or "freight forwarder" under the relevant statute. However, they

---

[3] This right to recovery exists unless the carrier shows that it was free from negligence and that the damage was "due to one of the excepted causes," which are "acts of God, the public enemy, the act of the shipper himself, public authority, or the inherent vice or nature of the goods." *Yellow Freight*, 325 F.3d at 929-930 (internal quotations and citations omitted).

contend that Counts III and IV should not be dismissed until discovery has been completed and a determination of Clover's status *vis-a-vis* the Carmack Amendment is made.

Conceding that plaintiffs' common law claims are preempted only "if it is determined that Clover acted as a carrier or freight forwarder," Clover asks this court in its reply brief to make this central determination now -- more than four months before the scheduled close of discovery. (Reply Br., p. 1). Towards that end, Clover has attached to its reply brief the transcript of an 88-paged deposition taken in connection with the instant case, as well as an additional eight pages of documentary evidence. Clover argues, based upon this evidence, that it is "undisputed" that it was acting as a it was acting as a "carrier" at the relevant time and that dismissal is, therefore, appropriate. (*Id.*, p. 2).

### C. Inappropriateness of Dismissal at this Juncture

Like the shippers in *Custom Cartage, Inc. v. Motorola, Inc.*, No. 98 C 5182, 1999 U.S. Dist. LEXIS 1684 (N.D. Ill. Feb. 16, 1999), plaintiffs here have pled straightforward claims for recovery under the Carmack Amendment and, in the alternative, have pled common law claims of negligence and breach of contract. As in *Custom Cartage*, they have done so, specifically, to guard against the contingency that Clover is found to have been acting as a "broker" and not a "carrier" or "freight forwarder" (thus, at least arguably, taking the action outside of the scope of the Carmack Amendment).

In *Custom Cartage*, the defendants moved to dismiss on the grounds that the common law claims were preempted by the Carmack Amendment. Judge Kocoras denied the motion. Observing that the Carmack Amendment is silent as to the potential liability of "brokers" thereunder, he concluded that it does not prohibit claims against brokers for negligence or breach

of contract. *See Custom Cartage*, 1999 U.S. Dist. LEXIS 1684, at *8-9. *See also Byrton*, 991 F. Supp. at 981-84. Thus, the court denied the motion to dismiss, pending a future determination (presumably, following the completion of discovery) of Custom Cartage's status as a "carrier" or freight forwarder" v. a "broker." *Custom Cartage*, 1999 U.S. LEXIS 1684, at *9.

This court believes that the approach adopted by Judge Kocoras in *Custom Cartage* was correct under the circumstances and represents the proper approach to take in this case. Pursuant to the case management schedule currently in place, more than four months of discovery remain at this time. Answers or other responsive pleadings have not even been filed by all of the parties. Under these circumstances, the court finds that it would be inappropriate to render at this juncture a ruling on the merits of this dispositive issue (*i.e.*, whether Clover was a "carrier" or a "broker" at the relevant time). The parties agree that the resolution of this issue will determine which two of Mach Mold's four claims against Clover may proceed. Until discovery has been completed and the issue is presented to the court in an appropriate manner, Mach Mold may proceed with its alternative claims.

For these reasons, Clover's motion to dismiss is denied.

### D. Clover's Failure To Establish That There Is No Set Of Facts In Support Of The Claims Asserted In Counts III And IV That Would Entitle Plaintiffs To Relief

Even if this court saw fit to make the determination that Clover asks it to make in ruling upon its motion to dismiss, based upon the briefing submitted to the court, Clover would not prevail. First, the court would disregard the documentary evidence submitted by Clover in connection with its reply brief. Clover's briefing on its motion to dismiss – due in large part to the fact that it has submitted nearly 100 pages of documentary evidence therewith – reads more

like a motion for summary judgment. The fact is that there exists a perfectly good mechanism for moving for summary judgment, of which Clover could have availed itself if it so chose. *See* Fed. R. Civ. P. Rule 56; L.R. 56.1. It did not do so, and this court would exercise its discretion to disregard the documentary evidence submitted by Clover in support of its Rule 12(b)(6) motion to dismiss.[4] Even if this court were not inclined to disregard these materials because they were presented in connection with a Rule 12(b)(6) motion to dismiss, it would nonetheless disregard them because they were submitted along with Clover's reply brief, after plaintiffs had expended their sole opportunity to respond to Clover's motion to dismiss.

Moreover, and in any event, even crediting the "evidence" submitted by Clover, Clover has failed to persuade this court that it is substantively correct.[5] Clover argues in its reply brief – for the first time – that the undisputed facts establish that it was acting as a "carrier" and not a "broker." Setting aside that this court would disregard arguments raised by Clover for the first time in its reply brief, the cited evidence is insufficient to warrant dismissal of Counts III and IV according to Clover's own characterization of the pertinent legal standards.

Clover cites the basic statutory definition of a carrier, which is a "person providing motor

---

[4] Rule 12(b) provides in pertinent part,

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to *and not excluded by the court*, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

(Emphasis added).

[5] This is not to say that the court will not, at a later date, make precisely the determination urged upon it by Clover. Rather, Clover simply has not yet convinced the court that the "undisputed" facts show that it acted as a "carrier," rather than as a "broker."

-8-

vehicle transportation for compensation." 49 U.S.C. § 13102(12). Clover argues, "Further, included in the 'transportation' motor carriers provide are 'services' related to that movement, including arranging for, receipt, delivery, elevation, transfer in transit . . . of passengers and property." (Reply Br., p. 1 (citing 49 U.S.C. § 13102(19)(B))).[6] Clover then cites the regulation providing that, "[m]otor carriers, or persons who are employees or bona fide agents of carriers, are not brokers within the meaning of this section when they arrange or offer to arrange the transportation of shipments which they authorized to transport and which they have accepted and legally bound themselves to transport." 49 C.F.R. § 371.2(a). As for its purported evidence, Clover cites only the following: Mach Mold asked Clover to transport its property; Clover provided Mach Mold with a quote for the same; Mach Mold accepted the quote; and Clover then told Mach Mold that Clover or another company would transport the property. (Reply Br., p. 2). On these facts, Clover contends that it is "undisputed that Clover was authorized to transport the Machine and accepted and legally bound itself to do so or to arrange to do the same," bringing Clover within the definition of "carrier." (Reply Br., p. 2 (citing 49 U.S.C. § 13102(19)(B)).[7] However, these facts do not even facially support the proposition that Clover "accepted and legally bound itself to [transport the Machine] or to arrange to do the same." This argument is made more feeble (and disingenuous) by virtue of Clover's denial in its answer of plaintiffs' allegation that the parties contracted for Clover's transportation and installation of the milling. (Ans., ¶ 5).

---

[6] There is, in fact, no subsection 19(B). The court assumes that Clover intended here to cite subsection 21(B).

[7] The court assumes that Clover intended here to cite either subsection 21(B) or 49 C.F.R. § 371.2.

-9-

In sum, even setting aside all of the procedural improprieties attendant to its motion to dismiss, Clover has failed to establish that there is no set of facts that would entitle plaintiffs to relief in connection with the claims asserted in Counts III and IV of the complaint.

## V. Conclusion

Based on the foregoing, Clover's motion to dismiss Counts III and IV of plaintiffs' complaint is denied.

**Enter:**

*[signature]*

**David H. Coar**
**United States District Judge**

**Dated: August 30, 2004**